Slip Op. 26-67

# UNITED STATES COURT OF INTERNATIONAL TRADE

| | |
|---|---|
| NANJING DONGSHENG SHELF MANUFACTURING CO., LTD., <br><br> Plaintiff, <br><br> v. <br><br> UNITED STATES, <br><br> Defendant, <br><br> and <br><br> COALITION FOR FAIR RACK IMPORTS, <br><br> Defendant-Intervenor. | Before: Jennifer Choe-Groves, Judge <br><br> Court No. 24-00085 |

## OPINION AND ORDER

[Sustaining the U.S. Department of Commerce's final results of redetermination pursuant to the remand order in the antidumping duty review of certain steel racks from the People's Republic of China.]

Dated: June 23, 2026

Gregory S. Menegaz, Alexandra H. Salzman, and Vivien J. Wang, The Inter-Global Trade Law Group PLLC, of Washington, D.C., for Plaintiff Nanjing Dongsheng Shelf Manufacturing Co., Ltd.

Tara K. Hogan, Assistant Director, Commercial Litigation Branch, Civil Division, U.S. Department of Justice, of Washington, D.C., for Defendant United States. With her on the brief was Brett A. Shumate, Assistant Attorney General, and Patricia M. McCarthy, Director. Of counsel on the brief was Samuel E.

Childerson, Attorney, Office of the Chief Counsel for Trade Enforcement and Compliance, U.S. Department of Commerce, of Washington, D.C. Jesus N. Saenz, Attorney, Office of the Chief Counsel for Trade Enforcement and Compliance, U.S. Department of Commerce, of Washington, D.C., and Laurel Don Havens, III, Trial Attorney, Commercial Litigation Branch, Civil Division, U.S. Department of Justice, of Washington, D.C. also appeared.

Roger B. Schagrin, Luke A. Meisner, and Saad Y. Chalchal, Schagrin Associates, of Washington, D.C, for Defendant-Intervenor Coalition for Fair Rack Imports. Alessandra A. Palazzolo, Christopher T. Cloutier, Elizabeth J. Drake, Jeffrey D. Gerrish, Justin M. Neuman, Maliha Khan, Nicholas J. Birch, Nicholas C. Phillips, and William A. Fennell also appeared.

Choe-Groves, Judge: This action involves the U.S. Department of Commerce's ("Commerce") final results in the administrative review of the antidumping duty order on certain steel racks from the People's Republic of China ("China") for the period of review of September 1, 2021 through August 31, 2022. Compl., ECF No. 10; Certain Steel Racks and Parts Thereof from the People's Republic of China ("Final Results"), 89 Fed. Reg. 25,235 (Dep't of Commerce Apr. 10, 2024) (final results of antidumping duty administrative review and final determination of no shipments; 2021–2022), and accompanying issues and decisions memorandum ("Final IDM"), ECF No. 20-5.

Before the Court is Commerce's remand redetermination, filed pursuant to the Court's Opinion and Order in Nanjing Dongsheng Shelf Manufacturing Co., Ltd. v. United States ("Nanjing I"), 49 CIT __, 781 F. Supp. 3d 1374 (2025). Final Results of Redetermination Pursuant to Court Remand ("Remand Redetermination"), ECF No. 44-1.

For the following reasons, the Court sustains the Remand Redetermination.

## BACKGROUND

The Court presumes familiarity with the underlying facts and procedural history of this case. See Nanjing I.

On September 16, 2019, Commerce published an antidumping duty order and countervailing duty order covering steel racks produced in China. Certain Steel Racks and Parts Thereof from the People's Republic of China ("Antidumping Duty Order"), 84 Fed. Reg. 48,584 (Dep't of Commerce Sept. 16, 2019) (amended final affirmative antidumping duty determination and antidumping duty order; and countervailing duty order). Commerce initiated an administrative review of the Antidumping Duty Order on November 3, 2022. Initiation of Antidumping and Countervailing Duty Administrative Reviews ("Initiation Notice"), 87 Fed. Reg. 66,275 (Dep't of Commerce Nov. 3, 2022), corrected Initiation of Antidumping and Countervailing Duty Administrative Reviews, 88 Fed. Reg. 50 (Dep't of Commerce Jan. 3, 2023). Plaintiff Nanjing Dongsheng Shelf Manufacturing Co., Ltd. ("Plaintiff" or "Nanjing"), a Chinese producer and exporter of goods covered by the Antidumping Duty Order, was identified as a respondent at the time Commerce initiated the administrative review. Initiation Notice, 87 Fed. Reg. at 66,278.

In the Final Results, Commerce rejected Nanjing's Separate Rate Certification as untimely, decided not to select Nanjing as a mandatory respondent, and applied adverse facts available to assign Nanjing the China-wide entity antidumping duty rate. Final Results, 89 Fed. Reg. at 25,236–37; Final IDM at 24–31.

In Nanjing I, the Court held that Commerce's decision not to select Nanjing as a mandatory respondent was not in accordance with law and unsupported by substantial evidence because Commerce failed "to comply with the statutory requirements for the selection of mandatory respondents based on exporters of the 'largest volume' of subject merchandise under 19 U.S.C. § 1677f-1(c)(2)[.]" Nanjing I, 49 CIT at __, 781 F. Supp. 3d at 1380. The Court held that Nanjing's Separate Rate Certification was untimely, but Nanjing filed it only one week after the deadline and at the same time that the other respondents considered filed their certifications based on their extended deadlines. Id. The Court concluded that Nanjing's Separate Rate Certification was reasonably available to Commerce. Id. The Court remanded for Commerce to reconsider the selection of mandatory respondents and Nanjing's Separate Rate Certification, and deferred consideration of Nanjing's remaining arguments. Id.

In its Remand Redetermination, Commerce reversed its prior determination, accepted Nanjing's Separate Rate Certification, and treated Nanjing as a

mandatory respondent.  Remand Redetermination at 3–4.  Commerce assigned

Nanjing a 25% weighted-average dumping margin.  Id. at 27.  Commerce denied

Nanjing's request for a by-product/scrap offset after determining that there was

insufficient record evidence to demonstrate that the quantity of steel scrap sold

during the period of review was less than the quantity of scrap generated.  Id. at

24–27.

### JURISDICTION AND STANDARD OF REVIEW

The U.S. Court of International Trade has jurisdiction pursuant to 19 U.S.C.

§ 1516a(a)(2)(B)(vi) and 28 U.S.C. § 1581(c).  The Court shall hold unlawful any

determination found to be unsupported by substantial evidence on the record or

otherwise not in accordance with law.  19 U.S.C. § 1516a(b)(1)(B)(i).  The Court

also reviews determinations made on remand for compliance with the Court's

remand order.  Ad Hoc Shrimp Trade Action Comm. v. United States, 38 CIT 727,

730, 992 F. Supp. 2d 1285, 1290 (2014), aff'd, 802 F.3d 1339 (Fed. Cir. 2015).

### DISCUSSION

Nanjing filed comments opposing the Remand Redetermination and argues

that Commerce's decision to deny Nanjing's scrap offset request was unsupported

by record evidence and Commerce's past practice.  Pl.'s Remand Comments at 1–

3, ECF No. 46.  Defendant and Defendant-Intervenor filed comments requesting

that the Court sustain Commerce's Remand Redetermination and reject Nanjing's

arguments. Def.'s Comments Supp. Remand Results ("Def.'s Comments") at 5–9,

ECF No. 48; Def.-Interv.'s Reply Comments Remand Redetermination at 2–8,

ECF Nos. 49, 50.

On remand, Commerce reversed its prior determination in the Final Results

and accepted Nanjing's Separate Rate Certification. Remand Redetermination at

5. Commerce treated Nanjing as a mandatory respondent and issued

questionnaires to Nanjing to gather the information used by Commerce to calculate

the 25% weighted-average dumping margin assigned to Nanjing. Id. at 4, 27.

Commerce also determined that Nanjing was not entitled to a scrap offset because

there was insufficient record evidence to show either the amount of scrap

generated during the period of review, or that the amount of scrap sold during the

period of review was less than the quantity of scrap generated during the period of

review. Id. at 24–27.

Nanjing argues that Commerce erred in denying a scrap offset. Pl.'s

Comments at 1–3. Nanjing contends that it claimed the offset amount of scrap

based on the total quantity of steel scrap sold during the period of review, and

determined the unit consumption for each type of steel scrap by multiplying the

unit standard weight of steel for each CONNUM by a ratio created by allocating

total steel scrap sold to self-produced products based on standard steel weight for

such products. Id. at 1. Nanjing avers that in the draft remand, first review, second

review, and investigation, Commerce granted an offset, and it is arbitrary to now determine otherwise based on the same records. Id. at 2–3. Defendant argues that Nanjing did not exhaust its administrative remedies because Nanjing did not raise its objections to the offset denial properly before the agency. Def.'s Comments at 6–7.

Pursuant to 28 U.S.C. § 2637(d), the Court "shall, where appropriate, require the exhaustion of administrative remedies." 28 U.S.C. § 2637(d). The Court "generally takes a 'strict view' of the requirement that parties exhaust their administrative remedies." Yangzhou Bestpak Gifts & Crafts Co. v. United States, 716 F.3d 1370, 1381 (Fed. Cir. 2013) (quoting Corus Staal BV v. United States, 502 F.3d 1370, 1379 (Fed. Cir. 2007)). "[A]bsent a strong contrary reason, the court should insist that parties exhaust their remedies before the pertinent administrative agencies." Boomerang Tube LLC v. United States, 856 F.3d 908, 912 (Fed. Cir. 2017) (citing Corus Staal BV, 502 F.3d at 1379). Generally, exhaustion requires that a party submit an administrative case brief to Commerce presenting all arguments that continue to be relevant to Commerce's final determination or results. Dorbest Ltd. v. United States, 604 F.3d 1363, 1375 (Fed. Cir. 2010); see 19 C.F.R. § 351.309(c)(2) ("[t]he case brief must present all arguments that continue in the submitter's view to be relevant to the . . . final determination or final results"). "If a party fails to put forth a relevant argument

before Commerce in its case brief, then that argument is typically considered waived and will not be considered by a court on appeal." DuPont Teijin Films China Ltd. v. United States, 38 CIT 1099, __, 7 F. Supp. 3d 1338, 1354 (2014).

There are limited exceptions to the exhaustion requirement: when "(1) plaintiff's argument involves a pure question of law; (2) there is a lack of timely access to the confidential record; (3) a judicial decision rendered subsequent to the administrative determination materially affected the issue; or (4) raising the issue at the administrative level would have been futile." Ninestar Corp. v. United States, 48 CIT __, __, 687 F. Supp. 3d 1308, 1326 (2024) (quoting Gerber Food (Yunnan) Co. v. United States, 33 CIT 186, 193, 601 F. Supp. 2d 1370, 1377 (2009)). The exhaustion requirement may also be waived "if the issue was raised by another party, or if it is clear that the agency had an opportunity to consider it." Holmes Prod. Corp. v. United States, 16 C.I.T. 1101, 1104 (1992); see also Pakfood Pub. Co. v. United States, 34 C.I.T. 1122, 1145, 724 F. Supp. 2d 1327, 1351 (2010).

In the administrative proceedings before Commerce, Nanjing failed to challenge Commerce's determination that Nanjing was not entitled to a scrap offset. See Remand Redetermination at 24 (noting the lack of comments on the offset issue from Nanjing for the draft remand results). Nanjing did not argue in its remand comments before the Court that an exception to the exhaustion doctrine

applies, and the Court concludes that neither the law nor the facts describe a "strong contrary reason" for permitting Nanjing to sidestep the requirement to exhaust its administrative remedies.  Boomerang Tube LLC, 856 F.3d at 912.

The Court concludes that Nanjing did not exhaust its administrative remedies as to Nanjing's argument that Commerce erred in the Remand Redetermination by denying an offset because Nanjing failed to address the issue during the remand administrative proceeding when it had an opportunity to express dissatisfaction with Commerce's actions.  Because Nanjing did not exhaust its administrative remedies, Nanjing has waived this argument before the Court.  Accordingly, the Court will not opine on this issue, and the Court sustains Commerce's Remand Redetermination.

**CONCLUSION**

The Court holds that Commerce complied with the Court's remand order in accepting Nanjing's Separate Rate Certification and treating Nanjing as a mandatory respondent.  The Court holds that Nanjing waived its objections to Commerce's denial of a scrap offset.

Accordingly, it is hereby

**ORDERED** that the <u>Remand Redetermination</u> is sustained.

Judgment will be entered accordingly.


<u>      /s/ Jennifer Choe-Groves      </u>
Jennifer Choe-Groves, Judge

Date:    <u>    June 23, 2026    </u>
        New York, New York